UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:26-cv-81335

MARIA FARMER,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.
______________________________________/

**PLAINTIFF'S NOTICE OF FILING RESPONSE TO ORDER TO SHOW CAUSE REGARDING CONSOLIDATION**

Plaintiff, Maria Farmer, through undersigned counsel, responds to the Court's Order dated October 7, 2026 [ECF No. 25], which directs the parties to show cause in writing why this action should or should not be consolidated with *Doe v. United States of America*, No. 9:25-cv-80880-DSL (S.D. Fla.). Plaintiff states as follows.

**Background**

1. This action was transferred to the undersigned District Judge on October 1, 2026 [ECF No. 24]. On October 7, 2026, the Court noted that this case is related to *Doe v. United States of America*, No. 9:25-cv-80880-DSL, which is also assigned to the undersigned, and ordered the parties to show cause by October 21, 2026, why the two actions should or should not be consolidated [ECF No. 25].
2. Plaintiff recently retained GOLDLAW as new counsel. A Motion for Substitution of Counsel is being filed contemporaneously with this Response. Undersigned counsel submits this Response to comply timely with the Court's Order while the substitution is pending.

**Plaintiff's position: consolidation for pretrial purposes only, with each action keeping its**

**separate identity**

3. Plaintiff does not oppose consolidation of this action with *Doe* for the limited purpose of procedural issues, discovery and other pretrial purposes. Plaintiff respectfully requests that any consolidation order

    (a) preserve the separate identity of each action, including separate dockets, pleadings and judgments, and

    (b) reserve for a later date the question of whether the actions should be tried jointly.

**Legal standard**

5. Federal Rule of Civil Procedure 42(a) permits the Court to consolidate actions that "involve a common question of law or fact." A district court's decision under Rule 42(a) "is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). The Rule codifies the Court's inherent power to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995). The Court may also consolidate sua sponte. *Daker v. Warren*, 778 F. App'x 652, 653 (11th Cir. 2019).

6. In exercising that discretion, the Court considers whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Hendrix*, 776 F.2d at 1495. A common question is a prerequisite, but it does not by itself require consolidation. *Young*, 59 F.3d at 1168.

7. Consolidation should not “merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933). Where prejudice to the parties' rights "obviously results from the order of consolidation," the order may constitute reversible error. *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017).

**Application**

8. **Common questions.** Both actions are pending in this District before the same District Judge, and both name the United States as Defendant. The Court has already determined that the cases are related [ECF No. 25]. In the current matter the allegations are that the Federal Buero of Investigations, and the Department of Justice failed to perform its necessary, non-discretionary, functions in investigating the Epstein allegations. It appears that these are the same type of allegations in *Doe v. United States of America.*
9. **Efficiency favors coordinated pretrial proceedings.** Coordinating discovery will avoid duplicate depositions of government witnesses, duplicate document productions and inconsistent rulings on common legal questions, including but not limited to the initial Complaint and allegations in these matters. This serves the *Hendrix* factors of reducing the burden on the parties, witnesses and the Court, and reducing time and expense.
10. **Plaintiff's individual claims require that each action keep its own identity.** Plaintiff's claims rest on facts unique to her, including the fact that all parties, including those in the *Doe* litigation, agree that Maria Farmer (the current plaintiff) was the first to report the allegations of Epstein to the Defendants in this matter in 1996. It is her report that all other plaintiffs rely on in the other matters when discussing the failures by Defendant. It is for this reason that Ms. Farmer wants her claim to be separate from the others for the purpose of trial and damages. While discovery and procedural matters may be consolidated, Ms. Farmer's cause of action is the polestar for all of the current litigation and she requests that her claim be treated as such. Causation and damages will turn on individualized proof in each case. Preserving separate dockets and judgments, and reserving the joint-trial question, protects against the risks of prejudice and confusion the Eleventh Circuit identified in *Hendrix* and *Eghnayem* while capturing the efficiencies of coordinated pretrial work.
11. **Change of counsel.** Because new counsel has just been retained, Plaintiff asks that any consolidated scheduling order allow a reasonable period for new counsel to review the record and confer with counsel for the other parties.

**Conclusion**

Plaintiff respectfully requests that the Court (a) consolidate this action with *Doe v. United States of America*, No. 9:25-cv-80880-DSL, for discovery and pretrial purposes only, (b) order that each action retain its separate identity, docket and judgment, (c) reserve ruling on whether the actions should be tried jointly, and (d) grant such further relief as the Court deems just.

Dated: October 26, 2026

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 26, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notice of electronic filing to all counsel of record.

GOLDLAW, P.A.
*Attorney for Plaintiff*
1641 Worthington Road
Suite 300
West Palm Beach, FL 33409
(561) 697-4440

By:____________________________
Spencer T. Kuvin, Esq.
FL Bar No.: 0089737
Primary Email:
farmermariakristine16908933@goldlaw.filevineapp.com
Secondary Email: skuvin@goldlaw.com
Paralegal's Email: sgoldman@goldlaw.com
Secretary's Email: aattick@goldlaw.com